A. Justin Lum (SBN: 164882)
**LUM LAW GROUP**
1005 E. Colorado Blvd., #207
Pasadena, CA 91106
Phone: (626) 795-8886
Facsimile: (626) 795-8836
*Lead Counsel*

**CNT LAW GROUP**
Cindy Tran, Esq. (SBN: 228214)
8806 E. Las Tunas Drive
San Gabriel, CA 91776
Phone: (626) 788-2687
Facsimile: (626) 788-9053
*Co-Counsel*

**Attorneys for Plaintiffs**
CHRISTOPHER SPEIDEL and
MAZIAR GOLESTANEHZADEH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SPEIDEL, an individual and MAZIAR GOLESTANEHZADEH, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MARTINA MARKOTA aka Lady Alchemy aka @LadyAlchemy33; and DOES 1 THROUGH 20, inclusive;<br><br>Defendants. | Case No.:  2:20-cv-4653<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **COPYRIGHT INFRINGEMENT;**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**<br>4. **DECLARATORY RELIEF** |

Plaintiff Christopher Speidel ("Speidel") and Plaintiff Maziar Golestanehzadeh ("Golestanehzadeh") files this Complaint, alleging the following:

## **GENERAL ALLEGATIONS**

1. Plaintiff Speidel is, and was, at all relevant times, an individual residing in the County of Los Angeles, California.

**COMPLAINT** 1

2. Plaintiff Golestanehzadeh is, and was, at all relevant times, an individual residing in the County of Los Angeles, California.

3. Speidel and Golestanehzadeh shall hereinafter be collectively referred to as the "Plaintiffs."

4. Plaintiffs are informed and believe, and on that basis, alleges that Defendant Martina Markota, aka Lady Alchemy, aka @LadyAlchemy33, is and was, an individual, residing in the county of New York, State of New York.

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes, and thereon alleges, that each of the fictitiously named Defendants are indebted to Plaintiff as herein alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from such indebtedness.

6. Plaintiffs are informed and believe, and on that basis, allege that each of the Defendants was, at all relevant times, the agent, employee, partner, and/or representative of one or more of the Defendants and was acting within the scope of such relationship. Plaintiffs are further informed and believe that each Defendant herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction of this action pursuant to 17 U.S.C. Section 501, *et seq.*, and 28 U.S.C. Section 1338(a).

8. Venue is proper in this judicial district, pursuant to 28 U.S.C. Section 1391(b) in that a substantial part of the events giving rise to the claims occurred in this judicial district, and under 28 U.S.C. Section 1400(b) in that it is a judicial district where Defendants have committed acts of copyright infringement and had a regular and established place of business. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, Plaintiff Speidel has been and still is the holders of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. Sections 101 *et seq.*, and all amendments thereto) ("Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the script "Dark World," ("Work"), which is the subject of this action.

10. Plaintiff Speidel has worked in Hollywood for over 30 years. From directing, producing and writing he has worked with some of the most prominent figures in the industry. He has also spent years mentoring writers, sharing his wealth of knowledge about story and finding new talent.

11. At all times relevant hereto, Plaintiff Golestanehzadeh has been and still is the holders of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. Sections 101 *et seq.*, and all amendments thereto) ("Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the artwork that was used in "Dark World," ("Artwork"), which is the subject of this action.

12. Plaintiff Golestanehzadeh is a 15-year veteran in the entertainment design industry.

13. Starting in December 2017, Plaintiffs worked on, discussed, and developed a script, artwork, and an idea for a graphic novel ("Project").

14. Plaintiff Speidel wrote and authored the Work in or about March 2018 for the Project. A copy of the Work to be used in the Project is attached as Exhibit A and incorporated herein by reference.

15. Plaintiff Golestanehzadeh sketched and designed all of the Artwork in or about June 2018 which was used in the Project. A copy of the Artwork to be used in the Project is attached as Exhibit B and incorporated herein by reference.

16. The Work was partially published online on or about September 1, 2018 on Indiegogo.com as a fundraising campaign ("Fundraising Account") to support the completion of the Project based on the Work and Artwork, for a release date in or about August 2019 ("Estimated Release Date"); said Fundraising Account was established by Golestanehzadeh.

17. The campaign raised a total of $47,855 as of May 21, 2020.

18. On or about April 11-15, 2018, Golestanehzadeh informed Speidel that he intended to invite Defendant Markota to contribute to the Project.

19. In or about June 2018, Plaintiffs developed ideas to include the Lady Alchemy character used by Markota in the Project.

20. Markota was to provide marketing and promotion services for the Project.

21. Golestanehzadeh finalized the Fundraising Account by adding promotional videos and the Artwork for the Project. Golestanehzadeh then shared the Fundraising Account login information with both Speidel and Defendant.

22. On or about December 5, 2019, Plaintiffs discovered that Defendant had locked Plaintiffs out of the Fundraising Account, took unlawful ownership of the Project, and has subsequently disseminated the Work and the Artwork, respectively, without Plaintiffs' consent through various online forums, such as indiegogo.com, youtube.com, twitter.com, and wix.com, has claimed unlawful ownership of the Work, the Artwork, and the Project, and has falsely accused Plaintiffs of acting in bad faith by stealing monies from the Fundraising Account.

23. Speidel applied for copyright registration on April 8, 2020 ("Script Copyright Registration") for the Work. Speidel's copyright application is currently pending before the United States Copyright Office. A copy of the acknowledgement of uploading is attached as Exhibit C and incorporated herein by reference. Speidel will amend this complaint after registration of his copyright for the Work.

24. Golestanehzadeh applied for copyright registration on the Artwork, on March 4, 2020. Golestanehzadeh's copyright application is currently pending before the United States Copyright Office. A copy of the acknowledgement of uploading is attached as Exhibit D and incorporated herein by reference. Golestanehzadeh will amend this complaint after registration of his copyright for the Artwork.

25. Plaintiffs contacted Indiegogo.com to notify them of the infringement.

26. Indiegogo.com initially placed a hold on the Fundraising Account, but released the account stating that Plaintiff needed to obtain a court order for Indiegogo.com to cease publishing the Project.

27. Plaintiffs contacted youtube.com to notify them of the infringement.

28. Youtube.com initially placed a hold on the uploading of content, but released the account stating that Plaintiff needed to obtain a court order for Youtube.com to cease publishing the Project.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

(Plaintiff Speidel against all Defendants)

29. Plaintiff refers to paragraphs 1 through 28 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

30. At all times relevant hereto, Speidel has been the owner of the Work reproduced, distributed and publicly displayed by Defendants through various websites, including without limitation: Indiegogo.com, Twitter.com, Youtube.com, and Dlive.com.

31.     Speidel has applied for registration of the Work with the U.S. Copyright Office.

32.     Without authorization, Defendants reproduced or substantially copied the Work and distributed the Work online on various websites.

33.      Defendants infringed the copyright in Speidel's Work by copying, reproducing, distributing and/or publicly displaying the Work by and through various websites including, but not limited to, Indiegogo.com (https://www.indiegogo.com/projects/lady-alchemy-mutus-liber-graphic-novel#/), Youtube.com (https://www.youtube.com/watch?v=07dkM_M7Xl0), and Dline.com, without proper approval or authorization of Speidel.

34.     Defendants knew the Work belonged to Speidel and that they did not have permission to exploit Speidel's Work.

35.     Speidel is the sole creator of the Work.

36.     No contract exists between Speidel and Defendants for the creation of the Work.

37.     No contract exists assigning any Copyright from Speidel to Defendants.

38.     Speidel never assigned any copyright to the Work to Defendants.

39.     Defendants knew their acts constituted copyright infringement.

40.     Defendants' conduct was willful within the meaning of the Copyright Act.

41.     As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. Section 501.  Speidel has suffered, and will

continue to suffer, substantial losses, including but not limited to damage to his artistic reputation.

42.     Speidel is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct pursuant to 17 U.S.C. Section 504.  Alternatively, Speidel is entitled to statutory damages under 17 U.S.C. Section 504(c)(2).

43.     Speidel is entitled to recover his attorneys' fees and costs of suits pursuant to 17 U.S.C. Section 505.

## SECOND CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

(Plaintiff Golestanehzadeh against all Defendants)

44.     Plaintiff Golestanehzadeh refers to paragraphs 1 through 43 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

45.     At all times relevant hereto, Golestanehzadeh has been the owner of the Artwork reproduced, distributed and publicly displayed by Defendants through various websites, including without limitation: Indiegogo.com, Twitter.com, Youtube.com, Patreon.com (https://www.patreon.com/MartinaMarkota and https://www.patreon.com/LadyAlchemy), Wix.com (https://www.lady-alchemy.com/shop and https://www.martinamarkota.com/shop), and Instagram.com, without proper approval or authorization of Golestanehzadeh.

46. Golestanehzadeh has applied for registration of the Artwork with the U.S. Copyright Office.

47. Without authorization, Defendants reproduced and distributed the Artwork online on various websites. A sample of infringing artwork as compared to the Artwork currently displayed by Defendants is attached as Exhibit E, and incorporated herein by reference.

48. Defendants infringed the copyright in Golestanehzadeh's Artwork by reproducing, distributing and/or publicly displaying the Artwork by and through various websites without proper approval or authorization of Golestanehzadeh, including without limitation: Indiegogo.com, Twitter.com, Youtube.com, Patreon.com, Wix.com and Instragram.com.

49. Defendant knew the Artwork belonged to Golestanehzadeh and that they did not have permission to exploit Golestanehzadeh 's artwork.

50. Golestanehzadeh is the sole creator of the Artwork.

51. No contract exists between Golestanehzadeh and Defendants for the creation of the Artwork for Defendants.

52. No contract exists assigning any Copyright from Golestanehzadeh to Defendants.

53. Golestanehzadeh never assigned any copyright to the Artwork to Defendants.

54. Defendants knew their acts constituted copyright infringement.

55. Defendants' conduct was willful within the meaning of the Copyright Act.

56. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. Section 501. Golestanehzadeh has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his artistic reputation.

57. Golestanehzadeh is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct pursuant to 17 U.S.C. Section 504. Alternatively, Golestanehzadeh is entitled to statutory damages under 17 U.S.C. Section 504(c)(2).

58. Golestanehzadeh is entitled to recover his attorneys' fees and costs of suits pursuant to 17 U.S.C. Section 505.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Plaintiffs against all Defendants)

59. Plaintiffs refer to paragraphs 1 through 58 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

60. In or about December 2019, Defendants engaged in a campaign to damage Plaintiffs' reputations and interfere with their ability to use and profit from their professional skills as a writer and artist, respectively. Defendants published false allegations about Plaintiffs in such a manner that a reasonable audience could deduce

these allegations were made about Plaintiffs, and with the intent to portray Plaintiffs as bad faith actors in the community.

61. These allegations published on Twitter.com, consisted of false statements such as, but not limited to, claims that Defendants employed Plaintiffs; claims that Plaintiffs created the Work and Artwork for, or at the direction of, Defendants; claims that Plaintiffs stole from Defendants; claims that Plaintiffs have stalked or harassed Defendants. Defendants knew or had reason to know that these allegations were false. By making these public false claims on Twitter.com, Defendants caused Plaintiffs to suffer severe emotional distress.

62. As a result of such false claims, individuals who have identified themselves of fans of Markota have threatened Plaintiffs and have attacked Plaintiffs' characters and reputations.

63. Plaintiffs have had to endure severe emotional distress as they have had to deal with Markota's constant denigration of their reputations on the Internet, as well as statements by followers of Markota threatening action against them.

64. Defendants' actions were willful and made with the knowledge of the damage which would occur to Plaintiffs such that punitive damages should be award to curb such actions by Defendants in the future.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF

(Plaintiff against all Defendants)

65. Plaintiff refers to paragraphs 1 through 64 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

66. An actual controversy has arisen and now exists between Plaintiff and Defendants. Plaintiff Speidel claims ownership of the Work and Plaintiff Golestanehzadeh claims ownership of the Artwork. Plaintiffs also claim ownership of the Project.

67. Defendants claim ownership of the Work, the Artwork, and the Project. The Parties failed to enter into a written contract, but instead entered into an oral Agreement for collaboration in the Project after Plaintiffs had drafted a script and drawn Artwork, respectively.

68. The parties' collaboration was only for the use of Defendant's persona for one of the characters in the Work.

69. Plaintiff Speidel is the sole creator of the Work.

70. Plaintiff Golestanehzadeh is the sole creator of the Artwork.

71. No contract exists between Plaintiffs and Defendant for the creation of the Work and Artwork, respectively.

72. No contract exists assigning any Copyright from Plaintiffs to Defendants.

73. Plaintiffs never assigned any copyright to the Work and Artwork, respectively, to Defendants.

74. Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to their ownership of the Work and Artwork, respectively.

75. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain his rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, as follows:

1. That the Court enter a judgment against Defendants that they have willfully infringed Plaintiffs' rights in federally registered copyrights under 17 U.S.C. Section 501;

2. That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of the Work and Artwork owned and/or registered to Plaintiffs, respectively;

3. That the Court enter an order of impoundment pursuant to 17 U.S.C. Sections 503 and 509(a) impounding all infringing copies of Plaintiffs' Work and Artwork, which is in Defendants' possession or under their control;

4. That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages as follows:

     a.     Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. Section 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. Section 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

     b.     Plaintiff's special damages for intentional infliction of emotional distress.

5.     That the Court order Defendants to pay for punitive and exemplary damages in an amount to punish Defendants and to deter others from engaging in similar misconduct;

6.     That the Court order Defendants to pay Plaintiffs both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 U.S.C. Section 504;

7.     That the Court declare Plaintiffs are the sole copyright owners of the Work and Artwork, respectively, and that Defendants have infringed upon Plaintiffs' copyrights; and

///

///

///

///

///

///

///

///

8. That the Court grant to Plaintiffs such other and further relief as the Court may deem just and proper.

DATED: May 22, 2020

**LUM LAW GROUP**

/s/ Albert Justin Lum
Albert Justin Lum, Esq.

**CNT LAW GROUP**

/s/ Cindy Tran
Cindy Tran, Esq.

Attorneys for Plaintiffs
CHRISTOPHER SPEIDEL and MAZIAR GOLESTANEHZADEH

*Filers Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*