Ronald D. Coleman (*Pro Hac Vice*)
rcoleman@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Attorneys for Defendant Martina Markota*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SPEIDEL**, an individual; and **MAZIER GOLESTANEHZADEH**, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>**MARTINA MARKOTA**, aka Lady Alchemy aka @Lady Alcehmy33; and DOES 1 THROUGH 20, inclusive;<br><br>Defendants. | Case Number: 2:20-cv-4653<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER FRCP 12(b)(2)**<br><br>Judge: Hon. Mark C. Scarsi<br>Date: August 16, 2021<br>Time: 9:00 AM<br>Courtroom: 7C |



# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on August 16, 2021 at 9:00 AM, at Courtroom 7C, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before the Honorable Mark C. Scarsi, defendant Martina Markota ("Ms. Markota" or "Defendant") will, and hereby does, move for an order granting this Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") under Fed. R. Civ. Pro. 12(b) ("Motion"). The Motion will be based on this Notice, and the Memorandum of Points and Authorities below.

Defendant Ms. Markota makes this Motion in order to dismiss Plaintiffs' claims against her. The bases for her Motion is that Plaintiffs have brought their claims in the wrong court, i.e., one with no personal jurisdiction over Defendant. These are further detailed below in the Memorandum of Points and Authorities below.

Date: July 16, 2021

DHILLON LAW GROUP INC.

By: _____

Ronald D. Coleman (*Pro Hac Vice*)
Mark P. Meuser (SBN: 231335)

Attorneys for Defendant Martina Markota

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs have been afforded so many bites at the jurisdictional apple that nothing but the core is now left. And the crux of the case is this: Plaintiffs sued defendant Martina Markota ("Defendant" or "Ms. Markota") in the wrong place. Defendant is a through and through, Brooklyn-born and –bred East Coaster who has never been domiciled in California. What little, if any, contacts she has had with California through the alleged facts of this case do not establish specific personal jurisdiction because either: (1) Plaintiffs concede that the claims do not arise from her contacts with California; or (2) the contacts are too tenuous to establish jurisdiction according to well-established Ninth Circuit law. With each chance at amendment that this Court afforded Plaintiffs, they made inconsequential amendments to their complaint that did nothing to shore up the holes in the facts necessary to establish personal jurisdiction. This time is no different; as Plaintiffs have proved themselves unable again and again to get past this preliminary stage of litigation, Defendant respectfully requests that the Court put an end to this farce.

## PROCEDURAL BACKGROUND

On May 4, 2021, this Court granted Defendant's Motion to Dismiss against Plaintiffs' First Amended Complaint on the basis that California lacked personal jurisdiction over Ms. Markota, but gave Plaintiffs leave to amend the complaint. May 4, 2021 Order: re Motion to Dismiss, p. 6 (ECF No. 61). The Court took pains to elaborate why Plaintiffs' pleadings and legal theories held no water.

On May 18, 2021, Plaintiffs then filed a Second Amended Complaint (hereinafter "SAC"), where they curiously concentrated their efforts on doubling down on the "sale of merchandise" and "distribution hub" theory that the Court rejected in its May 4 2021 Order Granting the 12(b)(6) Motion to Dismiss.

On June 3, 2021, while Defendant was in the midst of preparing their Motion to Dismiss the Second Amended Complaint, Plaintiffs filed their Motion for Leave to



1  Amend and file a Third Amended Complaint. Defendant filed her Motion to Dismiss
2  the Second Amended Complaint on June 8, 2021. The Court granted Plaintiffs'
3  Motion for Leave to Amend and file a Third Amended Complaint and determined that
4  Plaintiff's Motion to Dismiss the Second Complaint as moot.

5  When compared to the SAC, the TAC contains only one new fact, and several
6  more claims. As to the latter, Plaintiffs admit that their new claims are based on "facts
7  already present and pled in the previous filings." Pls.' Mot. to Am. TAC, p. 7.

8  As to the former, TAC's only new facts concern a fundraising campaign by
9  Martina Markota to cover her legal fees incurred in this matter. Pls.' Mot. to Am.
10 TAC, Ex. A, ¶¶73-75. Specifically, Plaintiffs contend that Defendant has published a
11 document (entitled "Lady Alchemy Go Fund Me Legal Defense Details and
12 Evidence") online, where they claim Defendant "attacks Plaintiffs' working
13 relationship with Defendant, particularly Golestanehzadeh, as well as falsely accuses
14 Plaintiffs of taking certain actions against Defendant . . . [which] negatively impact
15 their reputations within their industry." *Id*. They use this factual basis to support one
16 of their new claims for Intentional Interference with Prospective Economic
17 Advantage or Relations. *Id*., ¶139.

## LEGAL STANDARD

19 Rule 12(b)(2) of the Federal Rules of the Civil Procedure allows a defendant to
20 move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).
21 To decide whether it is appropriate to exercise personal jurisdiction over a defendant,
22 the court may rely on declarations and documentary evidence submitted by the
23 parties, or hold an evidentiary hearing. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557
24 F.2d 1280, 1289, n.8 (9th Cir. 1977). The plaintiff bears the burden of establishing
25 that the Court has jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d
26 1066, 1073 (9th Cir. 2011).

27 When no federal statute authorizes personal jurisdiction, the district court
28 applies the law of the state which the court sits. Fed. R. Civ. P. 4(k)(1)(A).

California's long-arm statute, Cal. Civ. Proc. Code §410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same. *Id.* For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum such that the maintenance of the suit does not offend "tradition notions of fair play and substantial justice." *Id.*

Personal jurisdiction can be "general," meaning that some party had such "continuous and systematic contacts" with California that they can be rightfully haled there for *any* lawsuit. *Hatheway v. Bank of New York Mellon*, *Tr. Of Certificate Holders CWALT Inc. Alternative Loan Tr. 2006-18CB Mortg. Pass Through Certificates Series 2006-18CB*, 812 F.App'x 603 (9th Cir. 2020). It can also be "specific," which gives a state jurisdiction over a party for *specific* claims as long as there as "sufficient claim-related contacts." *Id*.

## ARGUMENT

### I. Defendant's Participation in Plaintiffs' Sale of Merchandise Is Irrelevant for the Specific Personal Jurisdiction Analysis Because It Occurred Before Any Infringement.

In its May 4, 2021 Order re Motion to Dismiss, the Court found that "Plaintiffs do not present facts showing Defendant's Internet activities are expressly aimed at this forum," noting that "they do not present facts showing Defendant sold California residents products through the crowdfunding campaign." May 4, 2021 Order, p. 5 (citing *Inventors Row Inc. v. Blankenship*, No. 17-2387 WBS EFB, 2018 U.S. Dist. LEXIS 75365, at *12–13 (E.D. Cal. May 2, 2018)). The Court clearly stated that the facts alleged in the first amended complaint— "Plaintiffs [instead] provide facts that Defendant ordered merchandise from a Los Angeles–based printing company and another nonparty to be sent to Golestanehzadeh's home in Los Angeles for distribution"—were insufficient to satisfy the specific personal jurisdiction analysis. Yet, Plaintiffs have devoted four full pages of new facts *on the ordering and distribution of merchandise*.

These new facts do not establish specific personal jurisdiction because Plaintiffs' claims do not arise from these facts. "A court may exercise specific personal jurisdiction over a nonresident defendant if the defendant's contacts with the forum give rise to the cause of action before the court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). "The question is 'whether the cause of action arises out of or has a substantial connection to with' the defendant's contacts with the forum." *Matson Navigation Company, Inc. v. Sherman-Williams Company*, Case No. 17-cv-00081-EDL, 2017 WL 7310771, at *5 (Sep. 11, 2017). The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's claim arises out of a defendant's forum-related contacts. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). Plaintiffs only meet this test if they can demonstrate that "but for" Defendant's contacts with California, Plaintiffs' claims would have arisen. *Id*.

Plaintiffs cannot meet this test; the new facts they allege in their SAC and TAC involve the sale of merchandise by Defendant *with Plaintiffs' consent and participation*. Such conduct cannot be copyright infringement if the party claiming copyright ownership consented to it. *Rimini St., Inc. v. Oracle Int'l Corp.*, 473 F.Supp.3d 1158, 1195 (D. Nev. 2020) ("Consent to use the copyrighted work need not be manifested verbally and may be inferred based on silence where the copyright holder knows of the use and encourages it"). The new facts (re the purchase and resale of merchandise) took place between November 2018 (SAC, ¶25, TAC ¶26 ["Beginning in November 2018, Defendant and Golestanzeh worked with Steve Taylor on creating merchandise related to the Project..."]) and May 2019 (SAC, ¶¶40-41, TAC ¶¶41-42["In May 2019, the posters were successfully delivered to . . . Golestanehzah . . . Every unit of the poster and decals were sold . . . from . . . California"]). They also make clear that the events between November 2018 and May 2019 were cooperative efforts between Plaintiff and Defendant by explicitly stating that both participated in the events. *See*, *e.g.*, SAC, ¶41, TAC ¶42 ("all of the above items of merchandise were offered separately as incentives to invest . . . *by Plaintiffs and Defendant* on the IndieGoGo page").



Def.'s Mot. to Dismiss TAC Per FRCP 12(b)(2)　　　　　　　　　　　　　Case No. 2:20-cv-4653

All allegations of copyright-infringing behavior occurred after December 5, 2019. *See* SAC ¶53, TAC ¶54. Therefore, the new facts alleged here (SAC, ¶¶25-41) are irrelevant because they occurred at a different time than the events that gave rise to potential liability. *Matson Navigation Co., Inc. v. Sherwin-Williams Co.*, No. 17-CV-00081-EDL, 2017 WL 7310771, at *7, n.5 (N.D. Cal. Sept. 11, 2017) (cross-defendant's visit to California to inspect vessel at heart of case was irrelevant because it occurred after the events giving rise to liability—when the boat was previously painted with cross-defendant's product).

## II. New Factual Allegations About Defendant's Legal Fundraising Page Fail to Establish Specific Jurisdiction.

The TAC's only new fact—besides the aforementioned four pages of doubling down on the "distribution hub" theory repeated from the SAC—concern a fundraising campaign by Martina Markota to cover her legal fees incurred in this matter. TAC, ¶¶73-75. Specifically, Plaintiffs contend that Defendant has established a fund (entitled "Lady Alchemy Go Fund Me Legal Defense Details and Evidence") online, where they claim Defendant "attacks Plaintiffs' working relationship with Defendant, particularly Golestanehzadeh, as well as falsely accuses Plaintiffs of taking certain actions against Defendant . . . [which] negatively impact their reputations within their industry." *Id*. They use this factual basis to support one of their new claims for Intentional Interference with Prospective Economic Advantage or Relations. *Id*., ¶139.

Plaintiffs' new factual allegations do not cure their past failures to establish personal jurisdiction because disparaging someone online is insufficient to pass the "expressly aimed" requirement of *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). *See Apogee Tech. Consultants, LLC v. Buffum*, No. 217CV01362APGPAL, 2018 WL 5310410, at *5 (D. Nev. Jan. 29, 2018) (dismissing complaint, which included intentional interference with prospective economic prospect claim, for lack of personal jurisdiction because the only basis for PJ was that defendant had

published a website where she denigrated and criticized the business of Plaintiff), *report and recommendation rejected on other grounds*, No. 217CV01362APGPAL, 2018 WL 5310407 (D. Nev. May 16, 2018) (agreeing with personal jurisdiction analysis).

On the same note, but from a different tack, it is well-settled law that a "passive website," "without more," cannot meet the "expressly aimed" requirement of *Calder* for personal jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019-20 (9th Cir. 2002). Here, all Plaintiffs have alleged is that Defendant published a document online, and disparaged the skills and actions of Defendant in said document. There are no allegations of "something more," such as specifically targeting Californians with advertisements. *See*, *e.g.*, *id.* (advertisements specifically targeted at forum residents and a passive website was sufficient for personal jurisdiction).

Accordingly, allowing Plaintiffs' proposed amendments would be futile because the only new factual allegation—that Defendant disparaged them on a passive website—fails to establish "express aiming," "purposeful availment," and personal jurisdiction.

With the TAC excised of these new facts (re four pages worth of "distribution hub" theory and alleged online disparagement), Plaintiffs are effectively left with the contents of their First Amended Complaint ("FAC"), which failed to establish specific personal jurisdiction. May 4, 2021 Order. Accordingly, Plaintiff have failed to establish specific personal jurisdiction.

### III. Plaintiff's New Allegations Fail to Establish General Jurisdiction.

Plaintiff's new allegations—(1) detailing the sale of merchandise that "[s]ome of the products were distributed to citizens of the United States located in California"; and (2) that Defendant is fundraising for her legal fees online with recitations of judicial proceedings—also do not establish general jurisdiction because the new facts do not constitute "systematic and continuous" contacts.

"General jurisdiction exists when there are substantial or continuous and systematic contacts with the forum state, even if the cause of action is unrelated to those contacts." *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003) (subsequent history omitted). "The standard for establishing general jurisdiction is fairly high" *Id.* (citations omitted). "The contacts with the forum state must be of a sort that approximate physical presence." *Id.* "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* at 1076-77 (citations omitted). The court focuses on "the economic reality of the defendants' activities rather than a mechanical checklist." *Id.* "Even if substantial, or continuous and systematic, contacts exist, the assertion of general jurisdiction must be reasonable." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile ...." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011).

Again, as asserted ad nauseam, Ms. Markota is not domiciled in California. Even assuming case law regarding entities applied to individuals, if Plaintiffs' basis for personal jurisdiction is online sales, they have insufficiently alleged facts supporting general personal jurisdiction. They must "allege [Defendant] generated a large volume of sales in California, or is supported by marketing efforts targeting California." *MGA Ent., Inc. v. Innovation First, Inc.*, No. CV1004136RGKMANX, 2010 WL 11601032, at *4 (C.D. Cal. Sept. 14, 2010). All they have alleged is that some of the merchandise—that Plaintiffs and Defendant together purchased and distributed to investors in the comic book project—made it to "to citizens of the United States located in California." SAC ¶43; TAC ¶44. There is no allegation about how many sales were made to California out of all total sales, making it impossible for the Court to determine what percentage of total sales were made to California and to determine the total number of sales to California, and the dollar amounts of those sales. *Gator*, 3 41 F.3d 1080 ("As with traditional business



contacts, the most reliable indicator of the nature and extent of ... Internet contact with the forum state will be the *amount of sales* generated in the state by or through the interactive website") (quoting *Coastal Video Commc'ns, Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999) (emphasis added).

Neither can Plaintiffs plead an inability to access such information. As mentioned above, the SAC makes clear that the merchandise in question were distributed to third-party investors of Plaintiffs' and Defendant's Indiegogo campaign. The SAC also makes clear that it was Plaintiff Gonlestanehzadeh who actually shipped the merchandise to the end buyers. SAC §§30, 34, 42 (In "2019, Mr. Taylor delivered the decals that Defendant and Plaintiff Golestanehzadeh had requested to be printed, to the Golestanehzadeh residence in Los Angeles (Eagle Rock), California . . . On . . . March 19, 2019, Mr. Taylor delivered the posters relating to the Campaign, that had been ordered by Defendant and Golestanehzadeh, to the Golestanehzadeh residence in Eagle Rock, California . . .[e]very unit of the posters and decals were sold. They were then distributed separately from Eagle Rock, California, and Los Angeles, California, to the many Indiegogo.com Campaign supporters"). As Plaintiff Gonlestanehzadeh was the one who shipped the merchandise from his home in California, he presumably knows or has readily available how many total units of merchandise was sent to California. He also explicitly admitted this under penalty of perjury. Affidavit of Maziar Golestanehzadeh in support of Ex Parte Application for Order for Service of Summons by Publication and an Extension of Time to Serve Defendant, (ECF No.47-4) ("As the originator of the Indiegogo account I was sent notices of goods purchased through Indiegogo.com and their shipment history"). Despite possessing the information necessary to make the general personal jurisdiction analysis, Plaintiffs fail to assert the necessary facts for the analysis, and therefore do not meet their burden to prove general personal jurisdiction on the basis of these four pages worth of doubling down on the wrong facts.

Plaintiff also fail to establish general jurisdiction with their allegations of the Defendant's legal fundraising and its attendant language (TAC, ¶¶73-75) because for



the same reasons they do not establish specific jurisdiction. *See*, *supra*, §II (online disparagement insufficient, and passive website insufficient); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011) (to permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would expose most large media entities to nationwide general jurisdiction); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1114 (6th Cir. 1994) (discussing overturning district court after it erroneously found personal jurisdiction on the basis that "[Defendant's] public announcement of Reynolds' positive drug test adversely affected Reynolds in Ohio").

Therefore, both sets of Plaintiffs' new factual allegations fail to establish general jurisdiction, along with specific jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant her Fed. R. Civ. Pro. 12(b)(2) Motion to Dismiss the Third Amended Complaint, and dismiss all of Plaintiffs' claims without prejudice. Specifically, Plaintiffs have failed to meet their burden as to personal jurisdiction by neither providing proof nor alleging that Defendant did anything more than upload copies of the copyrighted material to websites or made public statements on social media; no indicia under California and federal law that Defendant targeted California for purposes of the personal jurisdiction analysis—such as the specific number of merchandise sold in California—is present.

Date: July 16, 2021

Respectfully submitted,

DHILLON LAW GROUP INC.

By: *[signature]*

Ronald D. Coleman (*Pro Hac Vice*)
Mark P. Meuser (SBN: 231335)
Attorneys for Defendant Martina Markota