A. Justin Lum (SBN: 164882)
LUM LAW GROUP
1005 E. Colorado Blvd., #207
Pasadena, CA 91106
Phone: (626) 795-8886
Facsimile: (626) 795-8836
*Lead Counsel*

Cindy Tran, Esq. (SBN: 228214)
CNT LAW GROUP
8806 E. Las Tunas Drive
San Gabriel, CA 91776
Phone: (626) 788-2687
Facsimile: (626) 788-9053
*Co-Counsel*

Attorneys for Plaintiffs
CHRISTOPHER SPEIDEL and
MAZIAR GOLESTANEHZADEH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SPEIDEL, an individual; and MAZIAR GOLESTANEHZADEH, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MARTINA MARKOTA aka Lady Alchemy aka @LadyAlchemy33; and DOES 1 THROUGH 20, inclusive;<br><br>Defendants. | Case No.: 2:20-cv-04653-MCS-AS<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE PURSUANT TO FRE 201** |

## I. INTRODUCTION AND ARGUMENT

Plaintiffs Christopher Speidel and Maziar Golestanehzadeh ("Plaintiffs") herein respectfully request that the Court take judicial notice of facts and documents relevant to this litigation, namely, statements by Defendant Martina Markota ("Defendant") that relate directly to Plaintiffs' claims and damages, and Defendant's claimed defenses.

Plaintiffs respectfully request judicial notice pursuant to Federal Rule of Evidence ("FRE") 201. Pursuant to the provisions therein, the Court may take judicial notice of facts that are "not subject to reasonable dispute." *FRE 201*.

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Fed. R. Evid. 201(b)(1)-(2)*.

The Court may take judicial notice on its own, or if supplied with the necessary information by the movant. *FRE 201(c)(1)-(2)*.

The Court may take judicial notice at any stage of the proceeding. *FRE 201(d)*.

Judicially noticed facts often consist of matters of public record, such as prior court proceedings. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1198 (9th Cir. 1988) (administrative materials); *Barron v. Reich*, 13 F. 3d 1370, 1377 (9th Cir. 1994) (city ordinances); *Toney v. Burris*, 829 F. 2d 622, 626-27 (7th Cir. 1987) (geological surveys and existing land use maps); and *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

In this case Plaintiffs request that the Court take judicial notice of the document published online by Defendant herself, "Lady Alchemy Go Fund Me Legal Defense Details and Evidence."

Immediately following this Court's holding on February 1, 2021, wherein Defendant's counsel agreed to accept service, Defendant continued her malicious attacks on Plaintiff, by publishing online the document, purporting to allege ownership of the Work and Artwork and making further accusations about the origin of the Work and Artwork, and about Plaintiffs and their actions.

This document also remains intact online at https://ladyalchemydefensedetails.medium.com/lady-alchemy-go-fund-me-legal-defense-details-evidence-412d964c670b.

A copy of the document has been obtained today and is attached hereto as Exhibit A.

The document was published online as part of Defendant's continued attempts to disparage Plaintiffs, and solicit money through GoFundMe to fund her legal defense.

This document was previously filed with this Court, including as attached to the Declaration of Maziar Golestanehzadeh, ECF No. 67, made under penalty of perjury, at "Exhibit E." This document was also previously filed with this Court as "Exhibit L" to the Third Amended Complaint filed by Plaintiffs.

In the document Defendant disparages Plaintiffs' reputations, and makes claims directly related to the claims and defenses of this case.

These claims include attacks and falsehoods that further damage Plaintiffs, therefore, the document is relevant to the claims for damages by Plaintiffs in the Third Amended Complaint, where it was also attached.

These claims also relate to Plaintiffs' claims for infringement as they include statements regarding the ownership of the Campaign, and rightful creators of the Work and Artwork.

As the document was authored by Defendant herself, Defendant cannot reasonably question the authenticity thereof.

Defendant cannot claim prejudice by inclusion of this relevant evidence, which Defendant created herself.

Therefore, Defendant has no ground upon which she can oppose the inclusion of such relevant evidence.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Defendant take judicial notice of these facts and documents relevant to this case.

DATED: July 26, 2021

Respectfully submitted,

**LUM LAW GROUP**

/s/ A. Justin Lum

_____
A. Justin Lum, Esq.