Ronald D. Coleman (*Pro Hac Vice*)
rcoleman@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Attorneys for Defendant Martina Markota*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SPEIDEL**, an individual; and **MAZIER GOLESTANEHZADEH**, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>**MARTINA MARKOTA**, aka Lady Alchemy aka @Lady Alcehmy33; and DOES 1 THROUGH 20, inclusive;<br><br>Defendants. | Case Number: 2:20-cv-4653<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT UNDER FRCP 12(b)(1-2)**<br><br>Judge: Hon. Mark C. Scarsi<br>Date: August 16, 2021<br>Time: 9:00 AM<br><br>Courtroom: 7 |



i

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

If Plaintiffs wish to progress to the merits of this case, the solution is simple: File a case in a federal court within New York state, where Defendant is a resident. Defendant is *not* a resident of California, she does not conduct or direct business here, she has not (and will not) waive personal jurisdiction, and her only tenuous ties to California is her misfortune to hire the two Plaintiffs as commercial artists for her Lady Alchemy comic book project. No matter how many frivolous claims and false allegations that Plaintiffs gin up, the simple fact is that California does not have personal jurisdiction over Defendant.

## LEGAL STANDARD

Rule 12(b)(1-2) of the Federal Rules of the Civil Procedure allows a defendant to move to dismiss an action, respectively, for lack of subject-matter and personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To decide whether it is appropriate to exercise personal jurisdiction over a defendant, the court may rely on declarations and documentary evidence submitted by the parties, or hold an evidentiary hearing. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289, n.8 (9th Cir. 1977). The plaintiff bears the burden of establishing that the Court has jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

## ARGUMENT

I.  **Plaintiffs Concede that Defendant's Participation in Plaintiffs' Sale of Merchandise Is Irrelevant for the Specific Personal Jurisdiction Analysis Because It Occurred Before Any Infringement**
    a.  **California Lacks Specific Personal Jurisdiction Over Defendant**

Plaintiffs' copyright infringement claims rest on two facts: (1) the copyright registration for the Artwork by Plaintiffs respectively on April 8 and March 4, 2020 [Third Amended Complaint, ("TAC"), ¶¶66, 67], and (2) Defendant's use of that

Artwork after April 8 and March 4, 2020 without Plaintiffs' permission. In other words, Plaintiffs' copyright infringement claim was not possible, and could not have arisen until after April 8 and March 4, 2020. Therefore, any events before that date are unnecessary to the copyright claim. As Plaintiffs have effectively conceded through their pleading, the facts they proffer—the fundraising campaign and Defendant's participation in it—occurred before April 8 and March 4, 2020. TAC ¶54 ("On or about December 5, 2019 . . . Defendant had locked Plaintiffs out of the Fundraising Account, took unlawful ownership of the Project, and has subsequently disseminated the . . . Artwork").

Plaintiffs' Third Amended Complaint does not add any facts that are necessary to Plaintiff's copyright infringement claim, and in fact are all the same facts that this Court considered when dismissing the copyright claims in the First Amended Complaint. Plaintiffs' new facts cannot be "but-for" factors in the context of personal jurisdiction.

### b. Federal Courts Lack Diversity Jurisdiction Over the State Claims

As shown above and in Defendant's Opposition to the Third Amended Complaint, California does not have specific personal jurisdiction over Defendant as to Plaintiffs' copyright infringement claims.

Without a federal claim to "anchor" the supplementary state claims in, federal courts dismiss the supplementary state claims from federal court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Leachman Cattle of Colorado, LLC v. Am. Simmental Ass'n*, 66 F. Supp. 3d 1327, 1340 (D. Colo. 2014) (inherently unfair and improper to exercise pendent personal jurisdiction where there was no personal jurisdiction as to the federal claim(s) and no subject matter jurisdiction as to the state claim(s)); *Poor Boy Prods. v. Fogerty*, No. 3:14-CV-00633, 2015 WL 5057221, at *8 (D. Nev. 2015) (agreeing as to *Leachman*'s reasoning, and pointing out the absurd consequences of not doing so—"exercising jurisdiction over Defendant purely

because there is personal jurisdiction over him as to supplemental claims over which the Court does not have original jurisdiction would be an unreasonably broad reading of § 1367").

The interference claim also fails because of a lack of specific personal jurisdiction. Their attempt to salvage their complaint—by adding a new claim and one new factual allegation—is insufficient. Specifically, Plaintiffs allege that Defendant has published a document ("Lady Alchemy Go Fund Me Legal Defense Details and Evidence") online, where they claim Defendant "attacks Plaintiffs' working relationship with Defendant, particularly Golestanehzadeh, as well as falsely accuses Plaintiffs of taking certain actions against Defendant . . . [which] negatively impact their reputations within their industry." Pls.' Mot. to Am. TAC, Ex. A, ¶¶73-75.

Plaintiffs' new factual allegations do not cure their past failures to establish personal jurisdiction because disparaging someone online is insufficient to meet the "expressly aimed" requirement of *Calder v. Jones*, 465 U.S. 783 (1984). *See Apogee Tech. Consultants, LLC v. Buffum*, No. 217CV01362, 2018 WL 5310410, at *5 (D. Nev. 2018) (dismissing complaint, which included intentional interference with prospective economic prospect claim, for lack of personal jurisdiction because the only basis for personal jurisdiction was that defendant had published a website where she denigrated and criticized the business of Plaintiff), report and recommendation rejected on other grounds, No. 217CV01362, 2018 WL 5310407 (D. Nev. 2018) (agreeing with personal jurisdiction analysis). On the same note, but from a different tack, it is well-settled law that a "passive website," "without more," cannot meet the "expressly aimed" requirement of Calder for specific personal jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019-20 (9th Cir. 2002). Here, all Plaintiffs have alleged is that Defendant published a document online, and disparaged the skills and actions of Plaintiffs in said document. There are no allegations of "something more."

Accordingly, the federal claims for copyright infringement should be dismissed for lack of personal jurisdiction, and the supplemental state claims dismissed because federal courts lack original jurisdiction over the state claims.

### II. Plaintiff's New Allegations and Unauthenticated Documentary "Evidence" Fail to Establish General Jurisdiction

Plaintiffs also fail to establish general personal jurisdiction because the new facts they offer in their opposition—that Plaintiffs' and Defendant's campaign to raise funds on IndieGogo resulted in a total of 64 California residents who contributed at most $2,568.00—is not enough to establish a "substantial" connection between Defendant and California. Pls.' Oppo. to Def.'s Mot. to Dis. TAC ("Oppo."), p., pp. 18-22.

"Courts have routinely rejected the suggestion that generating substantial revenue from the sale of products or services to forum state residents is by itself sufficient to support the exercise of general jurisdiction." *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, No. CV 01-11015MMM, 2003 WL 24242419, at *10-11 (C.D. Cal. Apr. 24, 2003) (although Defendant personally visited state once to solicit business, some state residents received sales brochures, and Defendant made telephone and mail solicitations to state residents, and had **_11-12% of its revenue_** attributable to this state-directed conduct, court found no general jurisdiction) (citing, inter alia, cases—that considered substantial revenue derived from state residents to be insufficient for that state to exercise general jurisdiction—such as *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir.1990) [defendant company chartered boats to its Louisiana subsidiaries that accounted for approximately **_13% of the company's revenues_**] [emphasis added]; *LeBlanc v. Patton-Tully Transportation LLC*, 138 F.Supp.2d 817, 819 (S.D.Tex.2001) ["The Court concludes that out-of-state work performed for a Texas business, even if accounting for **_ten to fifteen percent of Defendant's revenue_**, cannot possibly give rise, by itself, to general jurisdiction in Texas over the Defendant"]; *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 573 (2d Cir.1996) [noting that

the defendant's **_"$4 million dollars in sales in Vermont between 1987 and 1993, standing alone, may not have been sufficient_**" to subject it general jurisdiction in the state; also held that "its relationship with dealers selling its products and its so-called 'authorized' builders, the visits to those dealers and builders by Robertson personnel, the advertising and support available to Vermont residents regarding Robertson's products, and the deliberate targeting of Vermont architectural firms as sales prospects" was, along with the sales, sufficient for the "minimum contacts" requirement]).

Even we were to treat a spreadsheet that has not been authenticated and violates the best document rule as "evidence," this "evidence" is insufficient to establish general jurisdiction. Specifically, after Defendant's instant Motion pointed out that Plaintiffs had fatally (re establishing general jurisdiction) failed to allege the number of sales in its TAC, Plaintiffs responded by filing a spreadsheet, populated with indecipherably tiny font, purporting to show that "there were many supporters of the Campaign located in California." Oppo., p. 23 (citing Declaration of Maziar Golestanehzadeh ["Golestanehzadeh Decl."], (ECF 67).

At most, this spreadsheet shows 68 rows with the term "California," and 1197 rows in total, giving a percentage of approximately **_10.7%_**. Of those 68 rows with the term "California," forty-five had "$32" in the same row, two "$52," four "$45," four without a discernable monetary amount, one "$160," and twelve "$57," for a total of **_$2,568_**. Even if we violate the most basic rules of evidence and civil procedure and assume that this is sufficient "evidence" that 68 Californians out of a total of 1197 supporters purchased merchandise, the *Costa* court found "**_millions of dollars in revenue_** for [defendant]," and that California residents comprised a "[**_11.7_**] percentage of KSD's business" as insufficient for general jurisdiction. 2003 WL 24242419, at *9, n.9. The amount here is far below that; and as Plaintiffs also failed to (and cannot truthfully) allege that Defendant has any other ties to California such as "a registered agent for service of process in California, [] own[s] property in the state, or . . . bank accounts . . . , [her] contact with the state are thus

insufficient to permit the exercise of general jurisdiction. *Costa*, 2003 WL 24242419, at *11.

Alternatively, Plaintiffs fail for another reason. They had failed to authenticate the spreadsheet; we do not know who created it, who input the figures, what sources the spreadsheet is based on, what database it was stored, etc. For all we know, this is a pure construct of fiction by Plaintiff Golestanehzadeh. Tangentially, Plaintiff Golestandehzadeh does not attest that this is a spreadsheet contains all the sales mentioned in the SAC, but rather offers it to support the proposition that "many [supporters of the Campaign] resid[ed] in California." Oppo., p. 26 (citing Golestanehzadeh Decl., Ex. F). Accordingly, without such information, we cannot calculate the "amount of sales generated." *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1080 (9th Cir. 2003) ("As with traditional business contacts, the most reliable indicator of the nature and extent of ... Internet contact with the forum state will be the amount of sales generated in the state by or through the interactive website"), *on reh'g en banc*, 398 F.3d 1125 (9th Cir. 2005) (quoting *Coastal Video Commc'ns, Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999)).

### III. Plaintiffs Request for Jurisdictional Discovery Fails to Pinpoint What Subject Areas Such Discovery Will Cover

Plaintiffs argue that they should be allowed jurisdictional discovery because "Defendant cannot claim prejudice." Oppo., p. 28. As an elementary matter, the burden is on Plaintiffs, both in showing personal jurisdiction, and in showing the need for jurisdictional discovery as the movant. Furthermore, though Defendant has no requirement to show prejudice, she has been prejudiced; Plaintiffs never sought jurisdictional discovery until now. Not in any of their previous pleadings and motions and through three chances at a properly pled complaint, and especially not in their Opposition to Def.'s Motion to Dismiss FAC (ECF No. 59) or their Motion for Leave to File TAC (ECF No. 63), did Plaintiffs ever make this request.

Plaintiffs should not be allowed another futile attempt to amend their

complaint; furthermore, because Plaintiffs have failed to show any further facts on which personal jurisdiction can be based upon, allowing them jurisdictional discovery into such facts will also be futile.

A trial court "has broad discretion to permit or deny discovery . . . and its decision will not be reversed except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaint litigant.'" *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (affirming denial of jurisdictional discovery where plaintiffs could only state that they "believed" they could find sufficient California business contacts through discovery) (citations omitted). The touchstone for whether discovery should be granted is whether "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977); *Wells Fargo & Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977).

Here, in their request for jurisdictional discovery, Plaintiffs identify no new facts or evidence that they hope to uncover through discovery to establish personal jurisdiction; accordingly, they are asking this court for a "fishing expedition," which courts frown upon. Without identifying any facts or claims which would grant California personal jurisdiction over Defendant, Plaintiffs have failed to meet their burden as to showing a need for jurisdictional discovery. Accordingly, the only reason they seek discovery is to further delay the inevitable—getting their case thrown out of this Court. Plaintiffs do not need or deserve discovery.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant her Fed. R. Civ. Pro. 12(b)(2) Motion to Dismiss the Third Amended Complaint, and dismiss all of Plaintiffs' claims without prejudice. No jurisdictional discovery is warranted here where Plaintiffs only now ask for jurisdictional delay after already

1. having had four chances at a complaint, and have identified no new facts for which
2. discovery is needed.

Respectfully submitted,

Date: August 2, 2021          DHILLON LAW GROUP INC.

By: *[signature]*

Ronald D. Coleman (*Pro Hac Vice*)
Mark P. Meuser (SBN: 231335)

Attorneys for Defendant Martina Markota