JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-04653-MCS-AS | Date | August 6, 2021 |
|---|---|---|---|
| Title | *Speidel v. Markota* | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS (ECF NO. 72)**

Defendant Martina Markota moves to dismiss Plaintiffs Christopher Speidel and Maziar Golestanehzadeh's Third Amended Complaint (TAC, ECF No. 71). (Mot., ECF No. 72.) Plaintiffs oppose. (Opp'n, ECF No. 73.) The Court deems this matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.     **BACKGROUND**

The Court incorporates relevant procedural and factual background in its Order Granting Motion to Set Aside Default (ECF No. 45), Order Granting Motion to Dismiss Plaintiffs' First Amended Complaint ("MTD Order," ECF No. 61), and Order Granting Leave to File Third Amended Complaint (ECF No. 72) here.

According to the TAC, Plaintiffs generated a treatment and artwork for a graphic novel, launched a fundraising campaign, and invited Defendant to contribute

to the Project.[1] Plaintiffs developed ideas to use Defendant's character, Lady Alchemy, in the graphic novel, and Defendant agreed to provide marketing and promotional services. (TAC ¶¶ 9–21.) In November 2018, Defendant and Golestanehzadeh "worked with Steve Taylor on creating merchandise related to the Project and fundraising campaign." (*Id.* ¶ 26.) "In January 2019, it was informally agreed that Mr. Taylor would manufacture decals for Defendant and Golestanehzadeh related to the Project" and fundraising campaign. (*Id.* ¶ 27.) On January 23, 2019, Taylor sent an invoice to Defendant in England, where she resided. (*Id.* ¶¶ 28-29.) "The invoice was to be paid upon receipt of the goods at Golestanehzadeh's" California residence. (*Id.* ¶ 30.) Plaintiff paid for the goods— and subsequently ordered goods—using an online platform after delivery. (*Id.* ¶¶ 32-40.) "Every unit of the posters and decals were sold" from California and "[s]ome of the products were distributed to" individuals residing in California. (*Id.* ¶¶ 43-45.) "Los Angeles, California also served as the return address for any returns of the merchandise from the supporters." (*Id.* ¶ 49.)

In December 2019, Defendant locked Plaintiffs out of the fundraising campaign account, claimed ownership of the project, and subsequently disseminated Plaintiffs' works online. (*Id.* ¶ 54.) Defendant also published false statements online concerning her relationship with Plaintiffs. (*Id.* ¶ 55.) Plaintiffs assert claims for copyright infringement, breach of contract, conversion, intentional interference with prospective economic advantage or relations, and declaratory relief. (*Id.* ¶¶ 78–141.) Plaintiffs are residents of this district; Defendant is not. (*Id.* ¶¶ 1–2, 4.)

After Plaintiffs filed this lawsuit, Defendant published online, "Lady Alchemy Go Fund Me Legal Defense Details and Evidence," a copy of which was obtained on June 3, 2021 and attached to the TAC. (*Id.* ¶¶ 73-75, Ex. L.) Plaintiffs' Opposition attaches updated documents reflecting Defendant's online publication. (Pls.' Request for Judicial Not. ("RJN") Ex. A, ECF No. 74.)[2]

## II.   LEGAL STANDARD

A defendant can move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary

---

[1] The TAC employs the term "Project" to describe the "script, artwork, and idea for a graphic novel" underlying the parties' dispute.
[2] The Court grants Plaintiffs' unopposed RJN.

hearing, a plaintiff "need only make a prima facie showing of the jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal quotation marks omitted).

Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may be either general—that is, the party is subject to any claims in that forum—or specific—that is, the party is subject only to claims arising out of its forum-related activities. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). California's long-arm statute is coextensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing Cal. Civ. Proc. Code § 410.10). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

## III. DISCUSSION

Plaintiffs argue the Court may exercise both general and specific personal jurisdiction over Defendant. Plaintiffs alternatively request jurisdictional discovery and leave to amend.

### A. General Jurisdiction

If general jurisdiction is established, a party may be "haled into court in the forum state to answer for any of its activities anywhere in the world," and its contacts with the forum state need not relate to the claim asserted. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Schwarzenegger*, 374 F.3d

at 801). General jurisdiction exists only when a party's contacts with the forum state are "substantial or continuous and systematic" so as to "approximate physical presence" in the state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation marks omitted). The paradigmatic forum for exercising general jurisdiction over an individual is the individual's domicile. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

The Court previously determined that Plaintiffs' First Amended Complaint and proffered declarations failed to establish general jurisdiction because the cited California-related activities did not "warrant a finding that [Defendant's] contacts with California 'are so continuous and systematic' that Defendant is 'essentially at home' here." (MTD Order 3-4). The Court reaffirms that determination. Plaintiffs' new allegations concerning Defendant fundraising legal fees and selling merchandise in California will be addressed in the Court's specific jurisdiction analysis, but do not impact the Court's determination with respect to general jurisdiction. *Goodyear*, 564 U.S. at 916 ("[T]ies serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.").

## B.  Specific Jurisdiction

The Ninth Circuit employs a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted).

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (internal quotation marks omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient

to show either "purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1155). Courts in the Ninth Circuit "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

The parties apply the purposeful direction test. (Mot. 7; Opp'n 10.) In the purposeful direction inquiry, courts apply the "effects test," which requires proof that defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted). This test looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "[M]ere injury to a forum resident is not a sufficient connection to the forum," and "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* (quoting *Walden*, 571 U.S. at 290). Consideration of the act is limited to whether an "external manifestation of the actor's will" is reflected, and "does not include any of [the act's] results, even the most direct, immediate, and intended." *Schwarzenegger*, 374 F.3d at 806 (internal quotation marks omitted). With respect to the "express aiming" prong of the effects test, "something more" is required than a "foreign act with foreseeable effects in the forum state." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (internal quotation marks omitted).

The Court previously determined that Plaintiffs' First Amended Complaint and proffered declarations failed to establish specific jurisdiction because the cited California-related activities did not show express aiming at California or consequential harm in California such that Plaintiffs satisfied the effects test. (MTD Order 5-6). Plaintiffs' new evidence and allegations do not change this determination. Plaintiffs add myriad facts to bolster theories this Court found insufficient to establish specific jurisdiction—Defendant conducting activities online and ordering merchandise from a California company to be sent to California for distribution. *Id.; see also Morrill*, 873 F.3d at 1148 ("[W]hen a defendant's relationship to the forum state arises from the fortuity of where the plaintiff resides ..., it does not provide the basis for specific jurisdiction there."). Despite added context, these activities still do not amount to express aiming at this forum. *Burger*

*King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). Plaintiffs do allege that "[s]ome of the products were distributed to" individuals residing in California and incorporate a previously filed exhibit ostensibly showing that some orders shipped to California addresses. (TAC ¶ 45; Golestanehzadeh Decl. Ex. D, ECF No. 67.) That a portion of sales allegedly shipped to California addresses, however, is not enough to establish specific jurisdiction given the record before the Court. *Walden*, 571 U.S. at 285 (finding that it is "insufficient to rely on a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff" to establish specific jurisdiction) (citations omitted). Plaintiffs' contention that personal jurisdiction now lies in this district due to Defendant fundraising legal fees online is an even more tenuous bases for jurisdiction, as it has no relation to Plaintiffs' federal claims or conduct preexisting this lawsuit, and is improperly premised on Plaintiffs' California citizenship and decision to file suit here. *Id.* at 284 (stating that "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State" and "not the defendant's contacts with persons who reside there.") (citations omitted).

Plaintiffs have therefore failed to establish that the Court has personal jurisdiction over Defendant. *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530-RAJ, 2019 U.S. Dist. LEXIS 146721, at *7–8 (W.D. Wash. Aug. 28, 2019) (declining to find defendant expressly aimed acts at forum state where defendant contracted with forum resident to distribute products).

## C.     Jurisdictional Discovery

In the event the Court finds that the current evidence is insufficient to establish personal jurisdiction, Plaintiffs ask for leave to conduct discovery "as to jurisdiction and Defendant's location." (Opp'n 27-28.) "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach,* 453 F.3d at 1160 (affirming denial of request for continuance to allow jurisdictional discovery).

Plaintiffs offer no evidence or argument suggesting that newly discovered facts might rescue their deficient jurisdictional grounds. The Court has given Plaintiffs ample opportunity to amend and guidance concerning what evidence might satisfy Plaintiffs' burden. Yet Plaintiffs again fail to establish why this matter can

proceed in California, suggesting instead that they need more time to investigate the immaterial query of whether Defendant is currently in New York or London. The Court therefore denies Plaintiffs' unsupported request for jurisdictional discovery. *Pebble Beach,* 453 F.3d at 1160.

### D.    Leave to Amend

Plaintiffs ask for leave to amend. (Opp'n 28.) After multiple amendments, Plaintiffs still fail to articulate a meritorious theory they would present upon amendment that would cure the jurisdictional defect. Plaintiffs first sued Defendant well over a year ago, and may file this aging action in New York, where jurisdiction over Defendant indisputably lies. But amendment in this Court would be futile, and the Court denies Plaintiffs' request for another amendment.

## IV.    CONCLUSION

The Court grants the motion. Plaintiffs' claims against Defendant are dismissed for lack of personal jurisdiction. The Clerk shall close the case.

**IT IS SO ORDERED.**