RONALD D. COLEMAN (*Pro Hac Vice*)
rcoleman@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Attorneys for Defendant Martina Markota*

## UNITED STATES DISTRICT COURT FOR

## THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SPEIDEL**, an individual; and **MAZIER GOLESTANEHZADEH**, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>**MARTINA MARKOTA**, aka Lady Alchemy aka @Lady Alcehmy33; and DOES 1 THROUGH 20, inclusive;<br><br>Defendants. | Case Number: 2:20-cv-4653<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES PURSUANT TO 17 USC § 505**<br><br>Judge:   Hon. Mark C. Scarsi<br>Date:    September 20, 2021<br>Time:    9:00 a.m.<br><br>Courtroom:   7C |



## <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE** that on September 20, 2021, at 9:00 a.m., at Courtroom 7C, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before the Honorable Mark C. Scarsi, defendant Martina Markota ("Ms. Markota" or "Defendant") will, and hereby does, move for an order granting her Motion for Attorney Fees in the amount of **$83,939.00** in fees, and **$734.95** in costs, pursuant to 17 USC 505 ("Motion"). The Motion will be based on this Notice and Motion, and the Memorandum of Points and Authorities below.

Defendant Ms. Markota makes this Motion in order to compensate her for the legal fees she has been forced to incur and disinventivize frivolous lawsuits and tactics such as those of Plaintiffs.

Date: August 20, 2021                    DHILLON LAW GROUP INC.

                                         By:    /s Mark P. Meuser
                                                Ronald D. Coleman (*Pro Hac Vice*)
                                                Mark P. Meuser (SBN: 231335)

                                                *Attorneys for Defendant Martina Markota*



# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

INTRODUCTION ................................................................................................1

PROCEDURAL BACKGROUND ........................................................................1

LEGAL STANDARD............................................................................................2

ARGUMENT ........................................................................................................2

I.    Defendant Martina Markota Is the "Prevailing Party."........................................2

II.    All Factors Favor Granting Defendant Attorney Fees .......................................3

    a.    Defendant Obtained a Significant Degree of Success. .............................3

    b.    Plaintiffs' Factual and Legal Arguments Were Objectively Unreasonable....................................................................................................3

    c.    There Is a Need for Compensation and Deterrence Here Because Plaintiffs Have Proven Themselves More Than Capable of Acting in an "Objectively Unreasonable" Manner ...............................................5

III.    The Attorneys Fees Request Is Based on a Reasonable Number of Hours Expended and a Reasonable Hourly Rate ...........................................................6

    a.    The Number of Hours Expended Are Reasonable....................................6

    b.    The Hourly Rates Are Reasonable ...........................................................7

    c.    Prevailing Parties May Seek Fees Incurred From This Fees Motion ......10

    d.    Defendant Is Entitled to Non-taxable Costs .........................................11

CONCLUSION....................................................................................................11



1

## TABLE OF AUTHORITIES

2

### CASES

3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*("Axiom"),

4

   874 F.3d 1064 (9th Cir. 2017) .................................................................4

5

*Banas v. Volcano Corp.*,

6

   47 F. Supp. 3d 957 (N.D. Cal. 2014).........................................................8

7

*Barjon v. Dalton*,

8

   132 F.3d 496 (9th Cir. 1997) ....................................................................8

9

*Camacho v. Bridgeport Fin., Inc.*,

10

   523 F.3d 973 (9th Cir. 2008) ...........................................................6,8,10

11

*Citizens for Free Speech, LLC v. Cty. of Alameda*,

12

   No. C 18-00834 SBA, 2019 WL 11005503, at *11 (N.D. Cal. Jan. 14, 2019)...........3

13

*Contreras v. City of Los Angeles*,

14

   No. 2:11-cv-1480-SVW-SH, 2013 U.S. Dist. LEXIS 49412, at 9–10 (C.D. Cal .......9

15

*Craig v. County of Orange*,

16

   No. SACV 17-00491-CJC (KESx), 2019 U.S. Dist. LEXIS 238485, at 8–9 (C.D. Cal. Sept. 5, 2019)........................................................................8

17

*CRST Van Expedited, Inc. v. E.E.O.C.*,

18

   136 S.Ct. 1642 (2016)..............................................................................2

19

*Fantasy, Inc. v. Fogerty*,

20

   94 F.3d 553 (9th Cir. 1996) ....................................................................2

21

*Ferland v. Conrad Credit Corp.*,

22

   244 F.3d 1145 n.4 (9th Cir. 2001). .........................................................6

23

*Garmong v. Cty. of Lyon*,

24

   807 F. App'x 636 (9th Cir. 2020)...........................................................2

25

26

27

28



*Greg Young Publ'g, Inc. v. Zazzle, Inc.*,

   No. 2:16-CV-04587-SVW-KS, 2018 WL 1626053, at *4 (C.D. Cal. Mar. 21, 2018) ....................................................................................................................4,5

*Grove v. Wells Fargo Fin. Cal., Inc.*,

   606 F.3d 577 (9th Cir. 2010) ..................................................................11

*Hefler v. Wells Fargo & Co.*,

   No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), aff'd, 802 Fed. App'x 285 (9th Cir. 2020).................................................................8

*Hensley v. Eckerhart*,

   461 U.S. 424 (1983), *aff'd,* 953 F.3d 655 (9th Cir. 2020) .................................2, 3, 10

*Hoffman v. County of Los Angeles*,

   No. CV 15-3724 FMO (ASx), 2018 U.S. Dist. LEXIS 1162, at 22–23 (C.D. Cal. Jan. 3, 2018) ...........................................................................................8

*In re: Volkswagen "Clean Diesel" Mktg.*, Sales Practices, & Prods. Liab. Litig.,

   MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) ....8

*Instrumentation Lab. Co. v. Binder*,

   No. 11cv965 DMS (KSC), 2013 WL 12049072, at *4 (S.D. Cal. Sept. 18, 2013), aff'd, 603 Fed. App'x 618 (9th Cir. 2015).................................................................7

*Jackson v. Axton*,

   25 F.3d 884 (9th Cir. 1994) ......................................................................2

*Jung Ja Kim v. Quichocho*,

   No. 1:09-CV-00046, 2015 WL 13357617, at *3 (D. N. Mar. Is., Mar. 23, 2015) ....11

*Kilopass Tech., Inc. v. Sidense Corp.*,

   82 F. Supp. 3d 1154 (N.D. Cal. 2015).......................................................9

*Koby v. ARS Nat'l Servs., Inc.*,

   No. 3:09-CV-00780-KSC, 2018 WL 1441340, at *5 (S.D. Cal. Mar. 20, 2018) .......2



*LEE MONTES, Plaintiff, v. OFFICER DURAN, #673, et al., Defendants. Additional Party Names: City of El Monte,*

    (C.D. Cal., Aug. 3, 2021, No. 220CV00468MCSRAO) 2021 WL 3623306, at 3 ... 8

*Love v. Associated Newspapers, Ltd.,*

    611 F.3d 601(9th Cir. 2010) ..................................................................................... 2

*Megna v. Biocomp Lab'ys Inc.,*

    225 F. Supp. 3d 222 (S.D.N.Y. 2016) ...................................................................... 3

*Mkay Inc. v. City of Huntington Park,*

    No. CV 17-01467 SJO (AFM), 2019 U.S. Dist. LEXIS 69150, at 10–12 (C.D. Cal. Mar. 7, 2019) ...................................................................................................... 8

*Moreno v. City of Sacramento,*

    534 F.3d 1106 (9th Cir. 2008) .................................................................................. 7

*Munchkin, Inc. v. Luv N' Care, Ltd.,*

    No. CV 13-06787 JEM, 2018 WL 7504404, at *6 (C.D. Cal. Dec. 27, 2018) ........... 3

*Peak-Las Positas Partners v. Bollag,*

    172 Cal.App.4th 101 (2009) ...................................................................................... 7

*Shah v. Cty. of Los Angeles,*

    No. CV 08-6499 CAS (CWX), 2010 WL 11578744, at *4 (C.D. Cal. Sept. 20, 2010) ......................................................................................................................... 3

*SOFA Entm't, Inc. v. Dodger Prods., Inc.,*

    709 F.3d 1273 (9th Cir. 2013) .................................................................................. 3

*Walden v. Fiore,*

    S. Ct. 1115 (2014) ................................................................................................. 4, 5

*Washington Shoe co. v. A-Z Sporting Goods Inc.,*

    704 F.3d 668 (9th Cir. 2012) ................................................................................. 4, 5



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wishtoyo Found. v. United Water Conservation Dist.*,

   No. CV163869DOCPLAX, 2019 WL 1109684 at 9 (C.D. Cal. Mar. 5, 2019) .......... 9

### **STATUTES**

17 U.S.C. § 501 ................................................................................................ 2

17 U.S.C. § 505 ................................................................................................ 2

Copyright Act of 1976 .................................................................................... 2

### **RULES**

Federal Rule of Civil Procedure 11(b) ............................................................ 1



## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs have hounded and harassed Defendant with frivolous claims about copyrights and personal jurisdiction, making numerous boilerplate filings and now have been resoundingly proven wrong in court. A grant of attorney fees is appropriate here, not only because of the frivolous nature of Plaintiffs and the need to create a disincentive for them, but also because Defense counsel took on Defendant Markota's case knowing full well they might never recover attorney fees from this case. A grant of attorney fees here will not only make Ms. Markota whole from Plaintiffs blunderings in court, but also incentivize attorneys to assist those who might not be able to afford them, but have a meritable case or defense.

### PROCEDURAL BACKGROUND

On May 4, 2021, this Court granted Defendant's Motion to Dismiss against Plaintiffs' First Amended Complaint on the basis that California lacked personal jurisdiction over Ms. Markota, but gave Plaintiffs leave to amend the complaint. (ECF No. 61, p.6). The Court took pains to elaborate why Plaintiffs' pleadings and legal theories held no water.

On May 18, 2021, Plaintiffs filed a Second Amended Complaint (hereinafter "SAC"), where they curiously concentrated their efforts on doubling down on the "sale of merchandise" and "distribution hub" theory that the Court rejected in its May 4 2021 Order Granting the 12(b)(6) Motion to Dismiss. Plaintiffs did this in face of the Court's admonishment that the amendment be done "so consistent with Federal Rule of Civil Procedure 11(b)." Id.

On June 3, 2021, while Defendant was in the midst of preparing their Motion to Dismiss the Second Amended Complaint, Plaintiffs filed their Motion for Leave to Amend and file a Third Amended Complaint. Defendant filed her Motion to Dismiss the Second Amended Complaint on June 8, 2021. Defendant filed her third Motion to Dismiss, which was again granted by the Court, on August 6, 2021. (ECF 76).

**LEGAL STANDARD**

The Copyright Act of 1976 vests district courts with the discretion to award "a reasonable attorneys' fee to the prevailing party." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (*quoting* 17 U.S.C. § 505). In deciding whether to award attorneys' fees, courts generally consider factors including "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and the need, in particular circumstances, to advance considerations of compensation and deterrence." *Id.* (*citing Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). An attorneys' fees award is reasonable if based on a reasonable number of hours expended and a reasonable hourly rate. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996); *see also Hensley v. Eckerhart*, 103 S.Ct. 1933 (1983).

**ARGUMENT**

**I.    Defendant Martina Markota Is the "Prevailing Party."**

Martina Markota is the "prevailing party" here under 17 USC § 505 pursuant to *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642 (2016). In 2016, the Supreme Court extended the definition of "prevailing parties" to include parties who prevailed on non-merits issues, i.e., such as on grounds of personal and subject-matter jurisdiction. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642 (2016). The Ninth Circuit also extends the definition of prevailing parties to cases dismissed for lack of jurisdiction. *See Garmong v. Cty. of Lyon*, 807 F. App'x 636, 639 (9th Cir. 2020) ("the district court had jurisdiction to award attorney fees under this provision, even though it dismissed his case for lack of subject-matter jurisdiction").

Because Martina Markota was granted a dismissal of Plaintiffs' copyright claims under 17 USC 501 *et seq*, for the purposes of that statute, she is the "prevailing party." *Koby v. ARS Nat'l Servs., Inc.*, No. 3:09-CV-00780-KSC, 2018 WL 1441340, at *5 (S.D. Cal. Mar. 20, 2018) (noting that the "appropriate test" for "prevailing party" was to see if there was a "material alteration" of the legal relationship between opposing parties, and "[d]ismissal with prejudice . . . satisfies the 'material alteration'

test"); *Munchkin, Inc. v. Luv N' Care, Ltd.*, No. CV 13-06787 JEM, 2018 WL 7504404, at *6 (C.D. Cal. Dec. 27, 2018) ("dismissal with prejudice because they prevented a material change in their relationship"), *rev'd on other grounds*, 960 F.3d 1373 (Fed. Cir. 2020).

## II.   All Factors Favor Granting Defendant Attorney Fees.
### a.   Defendant Obtained a Significant Degree of Success.

Courts recognize defendants who successfully have claims against them dismissed as having obtained a sufficient degree of success to warrant attorney fees, even if the dismissal is on non-merit grounds. *Shah v. Cty. of Los Angeles*, No. CV 08-6499 CAS (CWX), 2010 WL 11578744, at *4 (C.D. Cal. Sept. 20, 2010) (awarding fees under § 1988 to the defendant based on 241.5 attorney hours on case dismissed at the pleading stage); *Citizens for Free Speech, LLC v. Cty. of Alameda*, No. C 18-00834 SBA, 2019 WL 11005503, at *11 (N.D. Cal. Jan. 14, 2019) (refusing to impose haircut on "over 100 hours" spent on one successful motion to dismiss that was based on issue of subject matter jurisdiction by noting that "the most critical factor is the degree of success obtained" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), *aff'd*, 953 F.3d 655 (9th Cir. 2020).

### b.   Plaintiffs' Factual and Legal Arguments Were Objectively Unreasonable.

Plaintiffs were "objectively unreasonable" because: (1) they knew both from the outset and at least from the Court's May 4, 2021 Order Granting Defendant's Motion to Dismiss (ECF 61) that California did not have personal jurisdiction over Defendant Markota; and (2) they lost every issue and motion in this case. *See, e.g.*, *Megna v. Biocomp Lab'ys Inc.*, 225 F. Supp. 3d 222, 225 (S.D.N.Y. 2016) (ruling that district court properly found that copyright litigant "unreasonably extend[ed] the duration of the litigation [by filing in wrong district court]"). A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in this case were slim to none. *SOFA Entm't, Inc. v. Dodger Prods.,* Inc., 709 F.3d 1273, 1280 (9th Cir. 2013).

One necessary factor is that non-prevailing parties (here, Plaintiffs) were unsuccessful with their arguments and claims. *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587-SVW-KS, 2018 WL 1626053, at *4 (C.D. Cal. Mar. 21, 2018) (noting that because Defendants, non-prevailing parties, had some success with some of their defenses, they had not been "objectively unreasonable", *aff'd*, 785 F. App'x 417 (9th Cir. 2019). Here, Plaintiffs, the non-prevailing parties, were utterly unsuccessful in any aspect of their case. They failed to establish service, they lost every motion—to set aside default, three motions to dismiss, etc., and not one argument or issue was successfully carried by them.

Furthermore, Plaintiffs knew from the outset that they had almost no chance of bringing suit against Ms. Markota in California. Their position has consistently (and incorrectly) been that Ms. Markota's mother's domicile is Ms. Markot's domicile. January 4, 2021 Pl.'s Oppo., p. 10 (ECF 39) ("her known home address located at the Grandmour Address"). As they consistently tried to serve her in New York, they de facto acknowledged that they knew she was a resident of New York, not California.

That is, Plaintiffs knew that California did not have general personal jurisdiction over her, but still filed the case here. Furthermore, the law is clear that the theory—that a state could exercise specific jurisdiction because harm was incurred against one of its residents or felt in the states—Plaintiffs reliance *Washington Shoe co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) was not in good faith since this has been overruled by the Supreme Court and the Ninth Circuit by *Walden v. Fiore,* S. Ct. 1115 (2014), and explicitly stated by the Ninth Circuit that it was no longer good law. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*("Axiom"), 874 F.3d 1064, 1070 (9th Cir. 2017) ("mere satisfaction of the test outlined in *Washington Shoe*, without more, is insufficient to comply with due process").

Plaintiffs failure to cite correct legal standards cannot be excused on the basis that they were facing some novel issue; personal jurisdiction is one of the most fundamental subjects in American jurisprudence and civil procedure, and these cases were respectively decided 6 and 4 years ago. Accordingly, they were well aware they

had no factual basis for general jurisdiction, and had no basis for specific jurisdiction because their theory had long ago been rejected and settled by the Supreme Court. Despite having no chance of establishing personal jurisdiction in California, and knowing full well that they could sue in New York, Plaintiffs still decided to file suit in California and needlessly drag out this case here. Another factors that weighs in favor of the fact that Plaintiffs knew they had no personal jurisdiction was that when Defendant requested a short extension to respond to the Motion for Default, Plaintiffs refused to do so unless personal jurisdiction was waived. Declaration of Justin Lum ISO Plaintiffs' Opposition to Defendant's Motion to Set Aside Default, Ex. D (ECF 39-1) ("if you . . .  agree not to contest venue and personal jurisdiction"). Their specific attempt to waive this issue supports Defendant's position that Plaintiffs knew full well that California did not have personal jurisdiction over Defendant, yet filed suit here anyway.

Finally, Plaintiffs were enlightened of their error by the Defendant through her written motions, and by the Court with specific instructions in its orders, yet it failed to correct its error through four iterations of a complaint and three motions to dismiss. In fact, it still cited *Washington Shoe* for the aforementioned incorrect theory of personal jurisdiction even in its last filing on July 26, 2021—several months and motions after the Court made clear that that theory was incorrect. In other words, not only did it know from the outset it had no personal jurisdiction for its claims in California, it also definitely knew on May 4 when the Court confirmed Defendant's argument that that aspect of *Washington Shoe* had been abrogated by *Walden*, yet continued to press the same, stale, and incorrect argument through several stages of litigation. Plaintiffs' conduct was objectively unreasonable for these reasons.

### c. There Is a Need for Compensation and Deterrence Here Because Plaintiffs Have Proven Themselves More Than Capable of Acting in an "Objectively Unreasonable" Manner.

Courts tie the need for deterrence with a showing of "objective unreasonableness." *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587-SVW-KS, 2018 WL 1626053, at *6 (C.D. Cal. Mar. 21, 2018) ("Having previously



determined that Defendant's defense was neither frivolous nor objectively unreasonable, the Court cannot conclude that Defendant should have been deterred"), *aff'd*, 785 F. App'x 417 (9th Cir. 2019). Here, Plaintiffs have shown a motive to harass Defendant and use litigation as a method of harassing her; their conduct in this litigation shows that they acted in an objectively unreasonable manner. Without this court's deterring intervention, Plaintiffs will be free to press their claim yet again in any other federal district court other than in California; they could potentially repeat this farce in every state before going to New York. Accordingly, deterrence would be appropriate here.

## III. The Attorneys Fees Request Is Based on a Reasonable Number of Hours Expended and a Reasonable Hourly Rate.

Defendant seeks **$80,789.00** in attorney fees that she incurred in this case.

The Court calculates the Plaintiffs' award for attorneys' fees with the "lodestar" method. *Camacho*, 523 F.3d at 978 (*citing Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. Here, as discussed immediately below, the hourly rates charged by the attorneys are reasonable, the amount of time the attorneys spent was reasonable, and the overall amount of the fees is reasonable.

### a. The Number of Hours Expended Are Reasonable

Defendant expended the following hours in this litigation:

|  | Ron Coleman | Mark Meuser | Hwui Lee | Paralegal |  |
|---|---|---|---|---|---|
| **Set Aside Default: ECF 45** | 6.5 | 12.2 | 34.5 | 2.2 | **55.4** |
| **Opposition to Ex Party Application re Service of Summons: ECF 50** | 0.8 | 5.2 | 8.9 | 1.5 | **16.4** |
| **Motion to Dismiss: ECF 61** | 0.2 | 5.7 | 15.4 | 1.5 | **22.8** |
| **Opposition to 3rd Amended Complaint: ECF 70** | 0.2 | 1.6 | 9.1 | 0.3 | **11.2** |
| **Motion to Dismiss 2nd Amended Complaint: ECF 70** | 0.3 | 4.4 | 28.9 | 0.5 | **34.1** |
| **Motion to Dismiss 3rd Amended Complaint: ECF 77** | 0.2 | 3.2 | 5.3 | 0.3 | **9** |



| Motion for Attorney Fees | 1 | 12.3 | 10.4 | 2.5 | **26.2** |
|---|---|---|---|---|---|
| | 9.2 | 44.6 | 112.5 | 8.8 | |

*See* Meuser Decl. Exhibit 1-2.

The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved . . . ." *Hensley*, 461 U.S. at 431 (citation omitted). When determining whether the stated amount of time spent on the case is reasonable, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, Defendant's fee request comes with additional indicia of reliability, such as the fact that Defendant's fee request is based on an analysis derived from contemporaneous time records kept throughout the litigation. *See* Meuser Decl. ¶8; Lee Decl., ¶4. The request is also supported by numerous declarations from counsel, with a summary of the fees and work done on each of the various litigation phases discussed above.

Furthermore, Plaintiffs cannot take the position that the hours expended are too much because it was their "throw-the-kitchen-sink" litigation strategy, "aggressively disputing" nearly every factual and legal issue, which turned what could have been a simple 5-minute discussion about personal jurisdiction into a year-long folly of countless motions, four failed attempts at a complaint, and outrageous disparagements by Plaintiffs of Defendant. *See Instrumentation Lab. Co. v. Binder, No*. 11cv965 DMS (KSC), 2013 WL 12049072, at *4 (S.D. Cal. Sept. 18, 2013), aff'd, 603 Fed. App'x 618 (9th Cir. 2015) (one party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response.") (quoting *Peak-Las Positas Partners v. Bollag*, 172 Cal.App.4th 101, 114 (2009)).

**b. The Hourly Rates Are Reasonable**

"[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of

comparable skill, experience, and reputation.'" *Camacho*, 523 F.3d at 979 *(quoting Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)).

Attorneys Ron Coleman's ($845), Mark Meuser's ($700), and Hwui Lee's ($350) hourly rates, along with those of the paralegal ($275) (Meuser Decl., ¶19), are well-within the range of hourly rates that courts in this district have recently approved. *See, e.g., Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), aff'd, 802 Fed. App'x 285 (9th Cir. 2020) (finding hourly rate ranges from $650-$1,250, $400-$650 for associates, and from $245-$350 for paralegals to be reasonable); *In re: Volkswagen "Clean Diesel" Mktg.*, Sales Practices, & Prods. Liab. Litig., MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding reasonable hourly rates of $275-$1600 for partners, $150-$790 for associates, and $80-$490 for paralegals); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving hourly rates ranging from $355-$1,095 for associates and partners and $245-$290 for paralegals).

These rates are also similar to, or only slightly exceed, the ranges approved by this Court. This Court has considered "rates approved for attorneys in other civil rights cases in this district." *LEE MONTES, Plaintiff, v. OFFICER DURAN, #673, et al., Defendants. Additional Party Names: City of El Monte* (C.D. Cal., Aug. 3, 2021, No. 220CV00468MCSRAO) 2021 WL 3623306, at 3 (citing *Craig v. County of Orange*, No. SACV 17-00491-CJC (KESx), 2019 U.S. Dist. LEXIS 238485, at 8–9 (C.D. Cal. Sept. 5, 2019) [assigning $625 rate to attorney with 12 years' experience]; *Mkay Inc. v. City of Huntington Park*, No. CV 17-01467 SJO (AFM), 2019 U.S. Dist. LEXIS 69150, at 10–12 (C.D. Cal. Mar. 7, 2019) [assigning $525 rate for attorney with 13 years' experience, and $500 rate for attorney with 12 years' experience]; *Hoffman v. County of Los Angeles*, No. CV 15-3724 FMO (ASx), 2018 U.S. Dist. LEXIS 1162, at 22–23 (C.D. Cal. Jan. 3, 2018) [assigning $700 rate to attorney with nine years' experience]; *Antuna*, 2016 U.S. Dist. LEXIS 189152, at 10 [collecting cases for the proposition that solo practitioners in civil

rights cases with 10–28 years' experience merit reasonable rates of $425–500];
*Contreras v. City of Los Angeles*, No. 2:11-cv-1480-SVW-SH, 2013 U.S. Dist.
LEXIS 49412, at 9–10 (C.D. Cal. Mar. 28, 2013) [assigning $400 rate for attorney
with 12 years' experience and $375 rate for attorney with eight years' experience]).

The fact that Defendant's counsel is seeking fees at the same rates charged
by the law firms for their non-pro bono matters supports a finding that the proposed
rates are reasonable *See Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154,
1167 (N.D. Cal. 2015) ("attorney client fee arrangement can often provide valuable
indication of the prevailing reasonable rate in the community" and "negotiation and
payment of fees by sophisticated clients are solid evidence of their reasonableness
in the market") (citations omitted). DLG billable rates have been approved in Los
Angeles Superior Court twice this year. *See Santo v. Nguyen*, 20STCV10313,
(April 27, 2021, L.A. Sup.); and *Katherine Hill v. Kenneth Heslep et al.*,
20STCV48797, (May 27, 2021 L.A. Sup.). (Orders Attached as Exhibits 3 and 4 to
the Decl. of Meuser).

These rates are comparable to attorneys in private practice with similar years
of experience (Ron Coleman, over 30 years of experience in complex civil
litigation and intellectual property law, and Mark Meuser with 18 years of
experience in complex civil litigation and constitutional law). *See Wishtoyo Found.
v. United Water Conservation Dist.*, No. CV163869DOCPLAX, 2019 WL 1109684
at 9 (C.D. Cal. Mar. 5, 2019) (awarding a higher or similar hourly rate to an in-
house counsel as attorneys with comparable experience); Coleman Decl., ¶¶6-18;
Meuser Decl. ¶¶1-4.

Furthermore, DLG verified the reasonableness of their rates by comparing
that their rates are in line with the Laffey Matrix when adjusted for geographic
location and with the 2014 National Law Journal's Billing Survey when adjusted
for the annual Laffey Matrix Adjustment Factor. Meuser Decl. ¶¶22-23.

The overall amount of attorneys' fees is also reasonable. As detailed above,
Defendant is requesting reimbursement for a reasonable number of hours at a

reasonably hourly rate. Indeed, in reality, Defendant incurred significantly greater legal fees than those for which they are seeking reimbursement. For example, as noted in the accompanying declarations, defense counsel Ron Coleman took a voluntary haircut and reduced his billable hours. Meuser Decl., ¶10. Similarly, each individual attorney has gone through his or her time records to exercise individual billing judgment. *See Hensley*, 461 U.S. at 434 (recognizing that a law firm's use of "billing judgment" is an important consideration in fee setting); Coleman Decl. ¶21; Meuser Decl., ¶8; Lee Decl. ¶4. Additionally, Defendant is not requesting any enhancement to the lodestar calculation, although the factors supporting an enhancement are clearly met. *See Camacho*, 523 F.3d at 982 n.1 (factors for a lodestar enhancement "include, for example, the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases") (citation omitted).

Accordingly, attorneys Ron Coleman, Mark Meuser, Hwui Lee, and paralegal Holly Toschi's hourly rates-respectively, $845, $700, $450, and $275—are more than reasonable and well within the ranges accepted by courts.

### c. Prevailing Parties May Seek Fees Incurred From This Fees Motion

Defendant is also entitled to attorney fees for the time expended on the fees motion itself. The Ninth Circuit has held that, in statutory fee cases, "time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (quotation marks and citation omitted). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id*. As discussed above, Plaintiffs are entitled to recover their attorneys' fees incurred in litigating the merits of this case. Accordingly, they are also entitled to recover for time spent on this fee application.

Counsel estimates that he will spend seven hours reviewing the opposition to



this motion and preparing a reply for an additional $3,150 in legal fees.

### d. Defendant Is Entitled to Non-taxable Costs

Finally, because Defendant was the successful party on statutory claims that provide for "reasonable attorney's fees" (see Section I&II), she is also entitled to recover non-taxable costs. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (district courts have discretion to award non-taxable costs to prevailing parties under statutes that provide for "reasonable attorney's fees"); *see also Jung Ja Kim v. Quichocho*, No. 1:09-CV-00046, 2015 WL 13357617, at *3 (D. N. Mar. Is., Mar. 23, 2015) (noting that non-taxable costs, such as "travel, paralegal fees, and electronic legal research" may be awarded to successful civil RICO plaintiff) (citing *Grove*, 606 F.3d at 580-81).

The total costs were **$734.95**. Meuser Decl., ¶ 24.

### CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court grant her in **$83,939.00** in fees, and **$734.95** in costs.

Respectfully submitted,

Date: August 20, 2021                      DHILLON LAW GROUP INC.


                                     By:    /s Mark P. Meuser
                                            Ronald D. Coleman (*Pro Hac Vice*)
                                            Mark P. Meuser (SBN: 231335)


                                            *Attorneys for Defendant Martina Markota*

