UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:20-cv-04653-MCS-AS | Date August 25, 2021 |
| Title *Speidel v. Markota* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION FOR ATTORNEYS' FEES (ECF No. 78)

Before the Court is Defendant Martina Markota's Motion for Attorneys' Fees. *See* Mot., ECF No. 78. The Court deems the matters appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Motion is denied for failure to comply with Local Rule 7-3.

"[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). "Counsel should discuss the issues to a

sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." *See* Initial Standing Order § 9(c). The Court has discretion to deny a motion for failure to comply with the prefiling conference requirement. *United States v. Kan-Di-Ki LLC*, No. CV 10-965-JST (RZx), 2013 U.S. Dist. LEXIS 198258, at *1–2 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)).

Defendant fails to provide a statement of compliance with the prefiling conference requirement. Reviewing the Motion papers, it appears no prefiling conference took place and Defendant did not comply with the spirit or letter of Local Rule 7-3 before filing the Motion. The Motion is therefore denied.

**IT IS SO ORDERED.**